[Civ. No. 3597. Second Appellate District, Division One.—May 6, 1921.]

## IDA FRANCES WRIGHT, Appellant, v. STANTON MAC-DONALD WRIGHT, Respondent.

[1] DIVORCE—SEPARATION BY CONSENT — WHEN ACTIONABLE. — Separation by consent will not give rise to a cause of action for divorce on the ground of desertion until the consent of one or the other of the parties is withdrawn, which withdrawal necessarily has to be shown by the occurrence of some act or the making of some declaration' indicating a change in the attitude of one or the other of the parties.

[2] ID.—WILLFUL NEGLECT—SEPARATION BY CONSENT.—A wife is not entitled to a divorce on the ground of willful neglect where she is living separate from her husband by agreement and her support by him is not stipulated in the agreement.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Crail, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. E. Davis for Appellant.

JAMES, J.—Plaintiff brought this action to secure a divorce upon the ground, first, that she had been deserted by her husband, and, second, that the husband had failed to provide her with the necessaries of life, alleging that the desertion and the failure to provide had continued for more than one year prior to the commencement of the action. Defendant was personally served with the summons and complaint, but made no appearance in the action. Upon his default being entered the court proceeded to hear the testimony of plaintiff and her witnesses, and entered a judgment denying the relief prayed for. Plaintiff has appealed.

The testimony of the plaintiff was to the effect that at a time about five years prior to the commencement of the action her husband left the marital domicile, which was then in the city of New York, and went to Paris; that she knew where he was going at the time of his departure and

---

' 1. Divorce as barred by separation agreement, notes, Ann. Cas. 1916C, 347, 367, 368.

that there had been no trouble between the two up to that date; that the husband sent money to her for several years amounting to about sixty dollars per month, and that a little more than a year prior to the commencement of her action he ceased to send money or make any provision for her support; that up to about the time that he ceased to send money he had written letters to her and she had responded thereto. In that connection she testified as follows: "Q. And when did you find out he was going to leave you? A. Well, I commenced to suspect it. His letters, about maybe a little over a year after he left, his letters came fewer and fewer between and didn't mention my going to where he was and didn't mention coming to where I was, so I commenced to think that perhaps he wouldn't come back. Q. Did you say anything about that in your letters to him? A. No, sir. Q. How did it come you didn't write to him about it? A. Because I didn't think it was my place. I thought if he wanted to come back he would come. Q. Did he finally cease writing to you altogether? A. Yes, he did. Q. Did you finally cease writing to him also? A. Yes, I didn't answer letters that I didn't receive. Q. You never wrote him except to answer his letters? A. That was all. Q. Have you any of those letters with you? A. I have nothing; no." The testimony further of the plaintiff was that for more than a year prior to the commencement of the action she had been living with and been supported by her mother. The mother of the plaintiff, as well as the mother of the defendant, gave testimony corroborative of this statement of the plaintiff, and both of the last-mentioned witnesses also corroborated the plaintiff as to the fact that she and the defendant had not lived together for more than one year prior to the commencement of the action. Another witness testified that the defendant was at the time of the trial living with him and that about two months before the trial the defendant had said that "he was not going back home any more, he was through there." The statement to which the latter testimony referred being made within the year prior to the commencement of the action, was not sufficient to show that the desertion of the defendant began at a date remote enough to mark the commencement of the statutory period. (Sec. 99, Civ. Code.) Appellant in her

brief admits that the separation of husband and wife, at the time it occurred, when the husband went to Paris, was by the consent of each party. [1] Under the initial condition then affecting the separation, the continuance of that separation would not give rise to a cause of action for divorce on the ground of desertion until the consent of one or the other of the parties was withdrawn, which withdrawal would necessarily have to be shown by the occurrence of some act or the making of some declaration indicating a change in the attitude of one or the other of the parties. Section 100 of the Civil Code provides as follows: "Absence or separation, proper in itself, becomes desertion whenever the intent to desert is fixed during such absence or separation." Civil Code, section 101: "Consent to a separation is a revocable act, and if one of the parties afterwards, in good faith, seeks a reconciliation and restoration, but the other refuses it, such refusal is desertion." Accepting the admission of appellant, which is borne out fully by her testimony, that there was a separation by consent in the first instance, it must be concluded, we think, that the trial court was altogether justified in holding that no showing was made of the occurrence of anything from which it was proper to infer that the husband intended to desert his wife. The declaration made by the defendant two months before the trial as to his intentions was insufficient for the reasons already given. [2] Counsel's main reliance is placed upon that testimony given by the plaintiff in which she stated that the defendant's letters and remittances to her had ceased for more than a year prior to the commencement of the action. The statute, however (sec. 175, Civ. Code), provides that a husband is not liable for the support of his wife when she is living separate from him by agreement "unless such support is stipulated in the agreement." There was no attempt to show that at the time the defendant left for Paris he made any promise to support the plaintiff, and the plaintiff made no contention that there existed any such agreement on his part; in fact, the circumstances surrounding the departure of the defendant from the house of the couple in New York were not given to the court, and the plaintiff's testimony touching that matter was such as to suggest that she preferred to leave the court in the dark as

to the reasons for the separation.   Under the circumstances of the case, and considering the evidence as it was presented to the trial judge, we think that the judgment adverse to the prayer of plaintiff's complaint was the only one proper to be entered.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.